4 So.3d 1271 (2009)
M.K., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 1D08-4998.
District Court of Appeal of Florida, First District.
March 26, 2009.
*1272 Nancy A. Daniels, Public Defender, and David A. Davis, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
M.K. appeals an order of the trial court which departs from the recommendation of the Department of Juvenile Justice (DJJ) that M.K. be placed on probation and commits M.K. to a moderate risk residential program. Subsequent to the entry of the trial court's order, the Florida Supreme Court decided E.A.R. v. State, 4 So.3d 614 (Fla. 2009), which announced a new, more rigorous analysis in which a trial court must engage before departing from DJJ's recommendation. As the court explained in E.A.R.:
The only rational or logical means through which the juvenile court may provide "reasons" that explain, support, and justify why one restrictiveness level is more appropriate than anotherand thereby rationalize a departure dispositionis for the court to:
(1) Articulate an understanding of the respective characteristics of the opposing restrictiveness levels including (but not limited to) the type of child that each restrictiveness level is designed to serve, the potential "lengths of stay" associated with each level, and the divergent treatment programs and services available to the juvenile at these levels; and
(2) Then logically and persuasively explain why, in light of these differing characteristics, one level is better suited to serving both the rehabilitative needs of the juvenile-in the least restrictive settingand maintaining the ability of *1273 the State to protect the public from further acts of delinquency.
Simply listing "reasons" that are totally unconnected to this analysis does not explain why one restrictiveness level is better suited for providing the juvenile offender "the most appropriate dispositional services in the least restrictive available setting." § 985.03(21), Fla. Stat. (2007) (emphasis supplied); see also §§ 985.03(44)(a)-(e), 985.433(7)(a)-(b), Fla. Stat. (2007). The failure to connect departure "reasons" to the juvenile court's ultimate statutory duty during a disposition hearing completely undermines the Legislature's carefully crafted statutory scheme. These "reasons" must "establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the [DJJ]." § 985.433(7)(b), Fla. Stat. (2007) (emphasis supplied). Simply regurgitating information provided by, and contained within, the DJJ's comprehensive assessment and PDR does not establish acceptable statutory reasons as to why the court is "disregarding" these documents and the DJJ's recommended disposition. Rather, such parroting merely communicates that the court concurs with the DJJ's assessment and PDR but then, for some unexplained, unarticulated "reason," has imposed a judicially recrafted disposition. We conclude that simply parroting is insufficient to justify departure and that, instead, the juvenile court's stated "reasons," must provide a legally sufficient foundation for "disregarding" the DJJ's professional assessment and PDR by identifying significant information that the DJJ has overlooked, failed to sufficiently consider, or misconstrued with regard to the child's programmatic, rehabilitative needs along with the risks that the unrehabilitated child poses to the public. These are suitable means of insuring fulfillment of the Legislature's comprehensive scheme and its stated intent that the juvenile courts of this state exercise appropriate discretion with the ultimate aim of providing the juvenile offender the most appropriate dispositional services in the least restrictive available setting.
Id. at S128-29, ___-___ (emphasis in original.)
Understandably, the order on appeal fails to comply with these new standards. Accordingly, we reverse and remand to provide the trial court an opportunity to enter an order in compliance with E.A.R., or, if the court cannot, impose the probation recommended by the DJJ.
REVERSED and REMANDED.
WEBSTER, VAN NORTWICK, and THOMAS, JJ., Concur.